# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARIUS GIBSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TMS COLLECTIONS SERVICES, LLC and GAYE-NOLA BURTON,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:19-cv-00440-TES |

# ORDER

In his Complaint [Doc. 1], Plaintiff Darius Gibson alleges that Defendant TMS Collections Services, LLC and Defendant Gaye-Nola Burton violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, and the Georgia Fair Debt Collection Practices Act, O.C.G.A. §§ 10-1-390, *et seq.* [Doc. 1 at p. 1]. On December 6, 2019, above-named Defendant Gaye-Nola Burton filed an Answer [Doc. 6] to Plaintiff's Complaint on behalf of herself and her company Defendant TMS Collections Services, LLC. [Doc. 6 at pp. 1, 3]; [Doc. 8 at p. 1 (identifying Gaye-Nola Burton as "Owner" in the Corporate Disclosure Statement)].

Under Georgia law, it is unlawful for any person other than a licensed attorney to practice law in this state and for a corporation or company to render or furnish legal services. O.C.G.A. § 15-19-51(b). While a group of professionals "may elect to practice as

a professional corporation," those individuals, however, must themselves be licensed to practice their chosen profession. O.C.G.A. § 14-7-4(b) ("A professional corporation shall engage in the practice of a profession only through its officers, employees, and agents who are duly licensed or otherwise legally authorized to practice the profession in this state."); *see also* O.C.G.A. § 14-10-6 ("A professional association may render professional service only through officers, employees, and agents who are themselves duly licensed or otherwise legally authorized to render professional service within this state."). Thus, because Defendant Burton is not an attorney admitted to practice law in either the Middle District of Georgia or in the State of Georgia, she may only file an Answer to Plaintiff's Complaint on behalf of herself, not Defendant TMS Collections Services, LLC.

Georgia law is likewise explicitly clear when it comes to non-attorneys representing business in proceedings in courts of record. In *Eckles v. Atlanta Tech. Grp.*, the Georgia Supreme Court that only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record. 485 S.E.2d 22, 26–27 (Ga. 1997). Then, in 2006, the Georgia Court of Appeals extended *Eckles*'s application to limited liability companies, like Defendant TMS Collections Services, LLC. *Winzer v. EHCA Dunwoody, LLC*, 627 S.E.2d 426, 430 (Ga. Ct. App. 2006). Given the similarities between corporations and limited liability companies, the Georgia Court of Appeals found that "those who accept the [shielding] benefits of a limited liability company must also accept its burdens, including the need to hire counsel." *Id*. at 430. Given that a limited

2

liability company "is a separate business entity which can only act through its agents, [Defendant TMS Collections Services, LLC] can appear in court only through an attorney and not through an agent not admitted to the practice of law." *Id.*

As a limited liability company, Defendant TMS Collections Services, LLC is required to be represented by an attorney to file an Answer in this proceeding— Defendant Burton's Answer on behalf of herself and her company, Defendant TMS Collections Services, LLC, will not suffice. Since Defendant Burton has not proven that she is admitted to practice law in the Middle District of Georgia or in the State of Georgia, the Court **STRIKES** the Answer as to Defendant TMS Collections Services, LLC because it is a legally insufficient defense. Fed. R. Civ. P. 12(f). Thus, as of the filing of this Order, there is no Answer filed by Defendant TMS Collections Services, LLC. Rather than enter default immediately, the Court exercises its discretion and affords Defendant TMS Collections Services, LLC **21 DAYS** from the date of this Order to obtain appropriate legal counsel to file any Answer on its behalf or risk default being entered against it.

**SO ORDERED**, this 15th day of January, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**